## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CARL MICHAEL SEIBERT[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:19-cv-1619-LCB |
| | ) | |
| JEREMY MCINTIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Plaintiff, Carl Michael Seibert[1], was suspended from the practice of law

in 2011 and subsequently disbarred later that year. He filed the present complaint

on October 2, 2019, in which he alleged, pursuant to 42 U.S.C. § 1983, that the

Alabama State Bar Association[2] ("the Bar") violated various constitutional rights

when it disbarred him and, as a consequence thereof, prevented him from working

in the legal field in any capacity, e.g., as a paralegal, law clerk, or private investigator

for a law firm. The Plaintiff also argues that his disbarment is an excessive

punishment that deprives him of his Eighth Amendment right to be free from cruel

---

[1] The Plaintiff is appearing *pro se*.

[2] The Plaintiff does not name the Alabama State Bar Association as a defendant. Rather, he names Jeremy McIntire, the Assistant General Counsel who represented the Bar in the proceedings against the Plaintiff, and Roman Shaul, General Counsel for the Bar. The Plaintiff states that he is suing McIntire "in his personal capacity and in his capacity as an attorney." (Doc. 1). He does not specifically state in what capacity he sues Shaul. Nevertheless, the Court will collectively refer to all defendants as "the Bar."

and unusual punishment. He seeks a declaratory judgment that he was wrongfully disbarred because, he says, the Bar used perjured testimony at his disciplinary hearing and knowingly suppressed exculpatory evidence. The Plaintiff seeks monetary damages and injunctive relief in the form of an order allowing him to work in the legal field.

Essentially, the Plaintiff appears to be asking this Court to review his disbarment proceedings and subsequent appeals of his disbarment to both the Bar's disciplinary panel and the Alabama Supreme Court. The Plaintiff also seeks to have this Court compel the Bar to produce certain evidence that he claims will prove his innocence. Specifically, the Plaintiff seeks interview notes or recordings from interviews that, he says, prove he did not commit the conduct for which he was disbarred.[3]

The Plaintiff's specific factual allegations are difficult to discern because the complaint is rambling at times and is somewhat disjointed. However, a detailed recitation of the allegations is unnecessary to the resolution of this matter. It appears that the Plaintiff was accused of knowingly allowing clients to lie in court proceedings; knowingly allowing a disbarred attorney to perform legal work for his law firm; and intentionally engaging in unethical and illegal conduct on behalf of a bail bonding company. The allegations stemmed from the Plaintiff's representation

---

[3] These records are the subject of the Plaintiff's motion to compel. (Doc. 15).

of a client, the above-mentioned disbarred attorney, in connection with the client's

attempts to obtain a license for a bail bonding company. The Bar attached a copy of

its "Report and Order" regarding the Plaintiff's suspension to its motion to dismiss.

(Doc. 8-1)[4]. Although less detailed, the Plaintiff's allegations are an adequate

summary of the Bar's findings.

According to the Plaintiff, the allegations against him were either false or

misconstrued. For example, the Plaintiff admits that the disbarred attorney

proofread documents for him but maintained that he did not pay him to do so. He

also claims that the Bar's prosecutor, Defendant Jeremy McIntire, knew that the

other allegations were false but continued with the prosecution anyway. The

Plaintiff also alleges that the Bar's investigator, Matt Thornbury, was biased against

him because, the Plaintiff says, he once reported to the FBI that Thornbury allegedly

stole drug money from one of his clients. The Plaintiff attached several affidavits to

his complaint as well as a set of interrogatories that he allegedly served on the

Defendants. (Doc. 1-1). According to the Plaintiff, the affidavits support his

contention that he was wrongfully disbarred.[5]

---

[4] The Bar attached to its motion to dismiss various filings and orders from the Plaintiff's disciplinary proceedings. To the extent the Court is considering those attachments in reaching its decision, the Court hereby takes judicial notice of those documents, i.e., (Docs. 8-1, 8-3, 8-4, and 8-7). *See* Fed. R. Civ. P. 201(b) and (c)(1). Accordingly, there is no need to convert the present motion into a motion for summary judgment.

[5] The Court need not and does not consider those attachments in reaching its decision.

The Bar filed a "Motion to Dismiss, or in the Alternative, Motion for More Definite Statement" (Doc. 7) in which it argued, among other things, that the Court lacks jurisdiction over this matter. In his response, the Plaintiff does not address that or any other of the Bar's contentions. Rather, he reasserts at length many of the same allegations he made in his complaint. For the reasons that follow, the Court finds that it does not have subject-matter jurisdiction over this case.

## I.     The Bar's Motion to Dismiss

In its motion to dismiss, the Bar argued, among other things, that this Court lacks subject-matter jurisdiction over the present matter. In support of that contention, the Bar cites the *Rooker-Feldman*[6] Doctrine. The Eleventh Circuit has explained:

> Under [the *Rooker-Feldman*] doctrine federal district courts generally lack jurisdiction to review a final state court decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Instead, "the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." [*Dale v.*] *Moore*, 121 F.3d [624, 626 (11th Cir. 1997)].

*Doe v. Fla. Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011).

In *Doe*, the appellant challenged the Florida Bar Association's ("Florida Bar") decision not to renew her certification as a marital and family law specialist. The

---

[6] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

Eleventh Circuit explained that the Florida Bar allows its members to be certified as specialists in certain areas of the law. In determining whether to certify a member, the association considers confidential peer reviews. After the Florida Bar denied the appellant's recertification based on negative peer reviews, she exhausted the internal appeals process and then sought review by the Florida Supreme Court.

When the Florida Supreme Court denied relief, she filed a complaint in federal district court asserting "as-applied and facial challenges to the confidential peer review part of the Bar's certification rules, seeking injunctive and declaratory relief under the Due Process Clause of the Fourteenth Amendment." *Id.* at 1340. The district court "concluded that it did not have subject matter jurisdiction to consider [the plaintiff's] as-applied challenges to the confidential peer review rules because they were barred by the *Rooker–Feldman* doctrine." *Id.* (footnote omitted). The Eleventh Circuit reviewed that issue *de novo* and affirmed.

The Plaintiff in the present case is ultimately seeking federal review of the Alabama Supreme Court's decision to affirm the Bar's determination that he be disbarred. Although the Plaintiff does not specifically frame his argument as did the appellant in *Doe,* he is asking this Court for the same type of relief, i.e., to review the application of the Bar's rules to him. The Plaintiff unsuccessfully sought to overturn the Bar's decision through the Bar's internal appeals process on multiple occasions and, at one point, appears to have petitioned for reinstatement. (Doc. 8-3

and 8-7). The Plaintiff then sought relief from the Alabama Supreme Court. However, that Court affirmed the Bar's decision. (Doc. 8-4). This Court does not have the power to review and reweigh evidence that was presented to the Bar's disciplinary panel almost a decade ago, and it certainly has no authority to reverse the Alabama Supreme Court's decision to affirm the Bar's decision. *See Doe v. Pryor*, 344 F.3d 1282, 1286 (11th Cir.2003) ("The only federal court whose decisions bind state courts is the United States Supreme Court."). The Plaintiff has cited no authority or argument to the contrary.

The Bar raised other grounds in support of its contention that this case should be dismissed including various claims of immunity, lack of standing, and failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). However, because the Court has determined that it does not have subject-matter jurisdiction over this case, it pretermits any discussion of the remaining issues.

## II.    Conclusion

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action when a court lacks subject-matter jurisdiction. For the above-stated reasons, this Court finds that it lacks subject-matter jurisdiction over this case. Accordingly, the Defendant's motion to dismiss (Doc. 7) is due to be **GRANTED** and this case **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 12(b)(1). The Plaintiff also filed four additional motions all requesting a hearing on this matter,

seeking to compel discovery, or a combination of both.  (Docs. 10, 14, 15, and 16).

Those motions are **DENIED**.  A separate order will be entered.

      **DONE** and **ORDERED** April 6, 2020.

 

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE